OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. The court properly denied defendant’s motion to suppress evidence found on his person following an arrest for unlawful possession of a handgun.
As stated in the undisturbed findings of the suppression court, when the arresting officers saw defendant enter a laundromat, they had information from a reliable informant, based on his personal observations, that defendant, who was said to be armed with a weapon and carrying drugs, would enter the laundromat that day for the purpose of secreting drugs. The informant had been supplying information about this defendant for some time and, on the day of the arrest, described him and his clothing for the police. Under the circumstances the initial intrusion of the police, in entering the laundromat and identifying themselves with guns drawn, was reasonable (see, People v Chestnut, 51 NY2d 14, 21; cf. People v Benjamin, 51 NY2d 267). When defendant, on seeing the police, reached for his belt, the conduct of the police in grabbing defendant’s hand and removing the gun was justified. Defendant’s subsequent arrest for unlawful possession of a weapon and the search of defendant’s person incident to that arrest were proper.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.